## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUASHAWN PACLEY | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | Docket No.   1:21-cv-309 |
| SERGEANT STEVEN DELUCA | ) | |
| *Defendants*. | ) | **JURY TRIAL DEMANDED** |

### COMPLAINT

Plaintiff QUASHAWN PACLEY, by his attorneys at the Mizner Law Firm, files this Complaint and states as follows:

### A. Parties.

1.      Plaintiff Quashawn Pacley is an adult individual who is currently residing in Erie County.

2.      Defendant Sergeant Stephen DeLuca is an adult individual who at all times was employed as an officer by the City of Erie Police Department, which is headquartered at 626 State Street, Erie, Pennsylvania 16501. At all times, Defendant DeLuca was acting in his capacity as a City of Erie police officer, under color of state law.  Defendant DeLuca is sued in his individual capacity.

### B. Jurisdiction and Venue

3.      This action is being brought under the Civil Rights Act, 42 U.S.C. § 1983 which provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and the laws" of the United States.

1

4.      This Honorable Court has jurisdiction over these federal claims pursuant to 28 U.S.C. §§ 1331 & 1343.

5.      This Complaint also includes pendant state law claims, over which this Honorable Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred within the territorial jurisdiction of this District and the Defendants are subject to personal jurisdiction within this District.

## C. Facts[1]

7.      On February 22, 2019, City of Erie Patrolman Dustin Landfried [("Officer Landfried")] and his partner, Patrolman Strauch [("Officer Strauch")], were conducting surveillance in an unmarked vehicle.

8.      As they patrolled the 500 block of East 6th Street, they passed a white Cadillac parked near the corner of East 6th Street and Wallace Street. Officer Landfried recognized the driver of the vehicle as Shyheem Pacley [("Shyheem")], who[m] the officer knew to be a suspended operator.

9.      Upon noting this, Officers Landfried and Strauch set up a surveillance position approximately  [three-fourths] of a block west of the vehicle. Within five minutes, the Cadillac pulled away from the curb and drove south on Wallace Street.

---

[1] The following facts of this case are taken directly from the Pennsylvania Superior Court's recitation of the underlying facts in its opinion in the underlying criminal charges at *Commonwealth v. Pacley*, 2021 Pa. Super. Unpub. LEXIS 2394 (Sep. 9, 2021).

10.     As they were in an unmarked vehicle and in plain[ ]clothes, Officers Landfried and Strauch could not effectuate a stop[,] so they radioed Sergeant Steve DeLuca [("Sergeant DeLuca")] and Officer Smith for backup.

11.     The officers then proceeded to follow the Cadillac to 431 West 29th Street, where it pulled into a driveway. Sergeant DeLuca arrived at 431 West 29th Street at the same time.

12.     Upon parking the Cadillac, Shyheem exited the vehicle and entered the residence at 431 West 29th Street, while the other occupants remained in the vehicle. Officer Landfried and Sergeant DeLuca approached the vehicle and found two passengers inside.

13.     Jermall Johnson [("Mr. Johnson" or "Johnson")] was identified as the passenger in the front seat, and [Pacley] was identified as the passenger in the right rear seat.

14.     Mr. Johnson was observed trying to discard a baggie of suspected marijuana. Based on this observation, Mr. Johnson and [Pacley] were removed from the vehicle and a temporary investigation commenced.

15.     In plain view on the right[-]side rear floor was  a knotted baggie containing a brown powdery substance and an iPhone.

16.     Testing of the substance confirmed it to be heroin. Additionally, a black flip phone and approximately $1,300 cash were recovered from [Pacley]. [Pacley] was placed under arrest and transported to the police station for booking.

17.     Subsequently, the police charged Pacley with possession of heroin, possession with intent to deliver and possession of drug paraphernalia.

18.     Mr. Pacley filed an Omnibus Pretrial Motion ("Suppression Motion") seeking to, *inter alia*, suppress evidence seized from Pacley and his iPhone.

19.     Following a hearing, the trial court entered an Opinion and Order denying Pacley's Suppression Motion.

20.     The matter proceeded to a jury trial and a jury subsequently convicted Pacley of the above-described offenses.

21.     Mr. Pacley appealed his conviction, based on the argument that by partially blocking the vehicle in the driveway, Sergeant DeLuca effectuated a seizure of the vehicle and its passengers, which was unsupported by reasonable suspicion or probable cause.

22.     The Superior Court which reversed the trial court, under the following rationale:

The focal point of our inquiry must be whether, considering the circumstances surrounding the incident, a reasonable person would have thought he was being restrained had he been in the defendant's shoes. Here, Sergeant DeLuca and Officer Landfried approached the driverless vehicle, shouting instructions to the passengers. Pacley, as passenger in the vehicle, observed his driver leave the vehicle and a police unit arriving at the scene with its lights and siren activated, and further observed four officers at the scene, with two officers approaching their vehicle and issuing commands. Under these circumstances, the conduct of the police would have communicated to a reasonable person that he was not free to leave the scene.

Further, our review of the record discloses that the officers offered no other reason for their approach of the vehicle. Because there was no reasonable suspicion underlying the investigative detention of Pacley, a passenger in the vehicle, we are constrained to reverse the Order of the suppression court.

We next determine the appropriate remedy. "Evidence obtained as a result of an unlawful search is subject to the fruit of the poisonous tree doctrine. The United States Supreme Court has stated that any material, tangible, or verbal evidence 'obtained either during or as a direct result of an unlawful invasion' is inadmissible at trial."

Our review discloses that all evidence seized from Pacley, and all of the charges against him, resulted from the unlawful investigative detention and are "fruit of

the poisonous tree." Accordingly, we are further constrained to reverse Pacley's judgment of sentence and discharge him as to the above-described offenses.

Suppression Order reversed. Judgement of sentence vacated and Pacley is discharged. Superior Court jurisdiction relinquished.

Judgment Entered.

*Commonwealth v. Pacley*, 2021 Pa. Super. Unpub. LEXIS 2394, at *18-19 (Sep. 9, 2021)(internal citations omitted).

23.    Thus, a final decision has been entered that confirms that the seizure which resulted in criminal charges against Mr. Pacley was unconstitutional, because there was no reasonable suspicion for Sergeant DeLuca to seize Mr. Pacley.

24.    Despite the fact that there was no legal basis for the seizure and search which led to his criminal charges, Mr. Pacley was imprisoned for nine-hundred sixty five (965) days, from February 22, 2019, October 14, 2021, on criminal charges that were based on the illegal seizure and search.

25.    As a result, Mr. Pacley was imprisoned for nine-hundred sixty five (965) days, because Sergeant DeLuca conducted an illegal seizure, in violation of the Fourth Amendment's prohibition against unreasonable searches and seizures.


**Legal Standard Governing Seizures under the Fourth Amendment**

26.    The Fourth Amendment of the U.S. Constitution prohibits "unreasonable searches and seizures ...." U.S. Const. amend. IV.

27.    To establish an unlawful search and seizure under the Fourth Amendment, a plaintiff must show that the defendant's actions: (1) constituted a "search" or "seizure" within the

meaning of the Fourth Amendment, and (2) were "unreasonable" in light of the surrounding

circumstances. *See Brower v. County of Inyo*, 489 U.S. 593, 595-600 (1989).

28.     Under the Fourth Amendment, a seizure only occurs "when [a police officer], by

means of physical force or show of authority, has in some way restrained the liberty of a citizen."

*Terry v. Ohio*, 392 U.S. 1, 19-20 n. 16 (1968).

29.     The Supreme Court has held that a warrantless seizure of a person for purposes of

a brief investigatory detention (a/k/a "a Terry stop") is reasonable absent a warrant, provided the

officer had "a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v.

Wardlow*, 528 U.S. 119, 123 (2000).

30.     Reasonable suspicion is an objective standard requiring "particularized

justification." *United States v. Mendenhall*, 446 U.S. 544, 551 (1980).

## COUNT I - VIOLATION OF THE FOURTH AMENDMENT

*Quashawn Pacley*
*v.*
*Sergeant Steven DeLuca*

31.     The foregoing averments are incorporated by reference herein, as if set forth in

full below.

32.     The Fourth Amendment guarantees Mr. Pacley's right to be free from

unreasonable searches and seizures.

33.     Sergeant DeLuca violated Mr. Pacley's constitutional right when he seized him,

without reasonable or articulable suspicion that he was engaged in criminal activity.

34.     Sergeant DeLuca had no legitimate basis to park his vehicle blocking the vehicle were Mr. Pacley was a passenger after the driver had exited and to, along with his fellow officers, created circumstances where a reasonable person would have thought he was being restrained.

35.     As a direct and proximate result of  Sergeant DeLuca's illegal search and seizure, Mr. Pacley was forced to endure nine-hundred sixty five (965) days of imprisonment.

36.     As a direct and proximate result of Sergeant DeLuca's illegal search and seizure, Mr. Pacley experienced unnecessary and avoidable loss of liberty, pain and suffering, inconvenience, mental anguish and upset, humiliation and embarrassment, and loss of life's pleasures.

WHEREFORE, Plaintiff Quashawn Pacley requests that this Honorable Court enter judgment in his favor and against Defendant Sergeant Steven DeLuca, in excess of seventy-five thousand dollars ($75,000.00), along with such other relief as this Honorable Court may deem appropriate or just.

## COUNT II - FALSE IMPRISONMENT

*Quashawn Pacley*
*v.*
*Sergeant Steven DeLuca*

37.     The foregoing averments are incorporated by reference herein, as if set forth in full below.

38.     The elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention. *Renk v. City of Pittsburgh*, 537 Pa. 68 (1933).

39.     Sergeant DeLuca had no legitimate basis to park his vehicle blocking the vehicle were Mr. Pacley was a passenger after the driver had exited and to, along with his fellow officers, create circumstances where a reasonable person would have thought he was being restrained.

40.     As a direct and foreseeable result of Sergeant DeLuca's illegal search and seizure, Mr. Pacley was forced to endure nine-hundred sixty five (965) days of imprisonment.

41.     As a direct and proximate result of Sergeant DeLuca's illegal search and seizure, Mr. Pacley was unlawfully detained and experienced unnecessary and avoidable loss of liberty, pain and suffering, inconvenience, mental anguish and upset, humiliation and embarrassment, and loss of life's pleasures.

WHEREFORE, Plaintiff Quashawn Pacley requests that this Honorable Court enter judgment in his favor and against Defendant Sergeant Steven DeLuca in excess of seventy-five thousand dollars ($75,000.00), along with such other relief as this Honorable Court may deem appropriate or just.

Respectfully submitted,

MIZNER LAW FIRM

By: /s/ John F. Mizner

PA Supreme Court ID 53323
John F. Mizner
jfm@miznerfirm.com

PA Supreme Court ID 322823
Joseph Caulfield
jpc@miznerfirm.com

311 West Sixth Street
Erie, Pennsylvania 16507
(814) 454-3889

*Attorney for the Plaintiff*

**JURY TRIAL DEMANDED**